## TOWN OF NEWARK *v.* TOWN OF SUTTON.

### *Pauper. Removal. Settlement.*

The marriage of a woman to a man having no settlement in this state, does not destroy her settlement which she had at the time of marriage, nor so far suspend it as to prevent her children, born of that marriage, from taking her former settlement. It only suspends, during coverture, one of the ordinary incidents of a settlement, the right of removal.

The mother of the pauper had a settlement in S. when she married the father of the pauper, who neither then had, nor afterwards acquired a settlement in this state. The parents moved to N., the plaintiff town, when the pauper was twelve years old, and resided there until the father died, at which time the pauper was thirty years old, and the mother still resides there. When the order of removal was issued, which was soon after the death of the father, the pauper had never resided in any other town long enough to gain a settlement in his own right. *Held*, that he took the settlement of his mother in S.

REMOVAL OF A PAUPER. The mother of the pauper had a derivative settlement in Sutton. The father was a foreigner, and had no settlement in this state. The parents lived in Sutton till the pauper was twelve years of age. Since then, they lived in Newark, till the pauper was thirty years of age, and the mother still lives there. The pauper has never lived long enough in any other town to gain a settlement in his own right. The father died when the pauper was thirty years of age, and about two years since. The order of removal was on the 5th day of April, A. D. 1866. The parents and pauper were none of them assisted by either town at any time. The pauper is about thirty-two years old now. The pauper is in need of relief, and in Newark at the time of the order.

The case was tried on the foregoing facts which were agreed upon. The Court, at the December Term, 1866, STEELE, J., presiding, rendered judgment that the pauper was duly removed. Exceptions by the defendant.

*B. N. Davis*, for the defendant.

The marriage of the mother suspended her settlement in Sutton during the life of her husband, and he not having a settlement in the

state, the family, whilst he was at the head of it, must have its support wherever he resided.

When the father ceased to be the head of the family, the mother was remitted to her maiden settlement, and her minor children followed her settlement. *Bethel* v. *Tunbridge*, 13 Vt. 445.

But when the child has become emancipated before the mother is remitted, and whilst the husband is alive, no case can be found in this state, as I find, which decides that the emancipated child takes the mother's settlement.

In the 13 Vt., and in *Bradford* v. *Lunenburgh*, 5 Vt. 481, it was decided that unemancipated children take the settlement of the mother, but the point here is, does the emancipated child take the derivative settlement of the mother.

*O. S. Brown*, for the plaintiff.

A married woman shall always follow and have the settlement of her husband, if he have any within this state ; otherwise, her own at the time of marriage, if she have any, shall not be lost or suspended by the marriage, and legitimate children shall follow and have the settlement of their father, if he have any within the state, until they gain a settlement of their own ; but if he have none, they shall in like manner follow and have the settlement of their mother, if she have any. Gen. Stat. ch. 19, § 1.

If the husband, having no legal settlement within the state, abandon his wife, and go without the state, she having a legal settlement within the state before marriage, she may be removed to that settlement. In that case the minor children, while they remain with the mother, must be removed with her, and retain her settlement. 15 Vt. 445 ; 29 Vt. 245.

The wife gains no settlement by residing with her husband unless he gains a settlement. 1 Greenleaf, 196 ; Kinsman, 259.

. The opinion of the court was delivered by

PECK, J. The question is, whether on the 5th day of April, 1866, at the date of the order of removal, the settlement of the pauper was in Sutton, the defendant town.

It appears that the mother of the pauper, having a derivative set-tlement in Sutton, married a foreigner who had no settlement in the state. The pauper is the son of these persons by that marriage. The family resided in Sutton till the pauper was twelve years old, when they removed to Newark, the plaintiff town, where the parents resided till the death of the father, about two years ago, and where the mother still resides ; the pauper never having resided in any other town long enough to gain a settlement in his own right, and being at the time of the order of removal about thirty-two years old. We assume that the pauper was legitimate, because the counsel on both sides have so argued, although it is not so stated in the case, nor is it stated that the parents of the pauper ever intermarried. The only question raised by counsel is, whether the pauper took the settlement of his mother in Sutton. The statute provides that, " legitimate children shall follow and have the settlement of their father, if he have any within the state, until they gain a settlement of their own ; but if he have none, they shall in like manner follow and have the settlement of their mother, if she have any." The position ,assumed by the defendant's counsel is, that by the marriage of the mother her settlement was suspended during her coverture, so that she could not communicate that settlement during that time to her children born of that marriage ; and that as the pauper had arrived to the age of majority when the coverture terminated by the death of the father of the pauper, the pauper did not take a derivative settlement from his mother. It is settled, and conceded by defendant's counsel, that in such case when the marriage relation terminates, either legally by death of the husband, or by divorce, or practically by an, abandon-ment of his family by the husband, the wife is remitted to her former settlement, and may be removed with her minor children to the place of such former settlement. On the other hand, during the life of the husband, while living with his wife in Newark, the wife could not have been removed as a pauper to her former settlement in Sutton, because such removal can not be made where the necessary effect will be to separate the wife from her husband ; and the husband could not have been removed with her, as that would be to remove a pauper to a town in which he has no settlement, and to subject that town to

his support. The question then arises, what was the *status* of the mother of the pauper during this coverture, in reference to a settlement. Did her former settlement still exist, or did it cease on her marriage to have any existence, and become recreated at the death of her husband. If the proposition involved in the former question is true, the pauper took that settlement; if the latter is true, then the pauper took no such derivative settlement, for he could take no settlement from his mother if she had none at any time during his minority. It is a general principle that a settlement once acquired continues till another is gained. Applying this principle, her settlement still existed; for she gained no other either by her marriage or otherwise. The fault in the defendant's argument is, that it confounds irremovability with a want or loss of settlement. The two things are not identical, but quite distinct. The very idea of a pauper being *irremovable*, in the sense of the word as applicable to pauper laws, presupposes that he has a settlement in some other town than that in which he comes to want, but by some legal impediment he can not, by an order of removal, be removed to the place of such settlement. A transient pauper can not, under our statute, be removed to the place of his settlement, because he has not " *come to reside.*" So in case of a pauper confined in jail. Yet, in such cases, the town in which he has his legal settlement is liable to the town that has furnished him necessary support under the requirements of the statute. Thus, a legal settlement may exist without a right to make an order of removal of the pauper to the place of such settlement. Such right of removal is not, under all circumstances, a necessary incident of a legal setttlement.

A pauper can not be removed from his freehold in possession, as has been frequently decided in this state; yet, I think, it was never considered that the acquisition and possession of a freehold estate in one town terminated one's settlement previously existing in another town. It only suspends the right of removal under the statute during such ownership and occupancy. For other purposes the settlement continues. So in this case, the marriage of the mother of the pauper to a man who had no settlement in the state, did not destroy her former settlement, nor so far suspend it as to prevent her child-

ren, born of that marriage, from taking that settlement. It only suspended, during coverture, one of the ordinary incidents of a settlement, the right of removal; and this only for the reason that such removal would separate the family. Had the mother of the pauper, while living with her husband in Sutton, the place of her former settlement, been suddenly taken sick, or become disabled while temporarily in another town, needing relief, no reason is perceived why the town of Sutton might not have been made liable for relief or support furnished by such other town. If so, it must be upon the ground that her legal settlement still remained in Sutton, notwithstanding her marriage. If her settlement remained for that purpose, it remained for the purpose of transmitting her settlement to her minor children. The statute on this subject is too explicit to warrant any other conclusion. The language is, " *a married woman shall always follow and have the settlement of her husband, if he have any within this state; otherwise, her own at the time of marriage, if she had any, shall not be lost or suspended by the marriage.*" If the mother's settlement was neither lost nor suspended by the marriage, then, by the other provision already referred to, the pauper took that settlement. It is true, that in the application of the statute, our court has adhered to the humane principle of the common law which forbids an order of removal when the effect of such order will be to separate the wife from her husband, and minor children from their parents. But with this limitation, we see no reason why these provisions of the statute should not have their full force according to the obvious meaning of the language used.

Judgment affirmed.